RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 5/21/09
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| HELENA CHEMICAL COMPANY | CIVIL ACTION NO. 09-0757 |
| VERSUS | JUDGE ROBERT G. JAMES |
| PRO-AGR, INC. and JERRY WALKER | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 9] filed by Plaintiff Helena Chemical Company ("Helena") against Defendants Pro-Agr, Inc., ("Pro-Agr") and Jerry Walker ("Walker") (collectively "Defendants"). For the following reasons, the Motion for Summary Judgment is GRANTED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Helena filed a Complaint [Doc. No. 1] in this Court on May 8, 2009, alleging that Pro-Agr and Walker owe Helena for goods sold and delivered under a Credit Sales and Services Agreement, a Promissory Note, and a Guaranty Agreement all signed by Walker, President of Pro-Agr. Helena alleges Defendants owe it the sum of $50,049.50 with 1.5% monthly finance charges of $689.08 per month from March 25, 2009, until paid and the sum of $637,570.37 with interest at 6% per annum with a daily interest accrual of $103.563289 from April 8, 2009, until paid. [Doc. No. 1, ¶5]. Helena attached to its Complaint a copy of the Credit Sales and Services Agreement [Doc. No 1, Exhibit A], copies of itemized invoices and delivery tickets [Doc. No 1, Exhibit B], a copy of the accounts receivable ledger [Doc. No 1, Exhibit C], a copy of a Promissory Note payable to Helena [Doc. No 1, Exhibit D], and a copy of a Guaranty Agreement signed by Walker [Doc. No 1, Exhibit E].

In their Answer [Doc. No. 6], Defendants admit they owe Helena the alleged sums [Doc. No. 6, ¶5]. Defendants also admit Pro-Agr signed the Credit Sales and Services Agreement [Doc. No. 6, ¶6] and the Promissory Note [Doc. No. 6, ¶11], and that Walker signed the Guaranty Agreement [Doc. No. 6, ¶15]. Defendants dispute the allegations in the Complaint only on evidentiary grounds.

On August 27, 2009, Helena filed a Motion for Summary Judgment [Doc. No. 9]. Defendants did not file a response.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

A motion for summary judgment cannot be granted simply because there is no opposition. An unopposed motion seeking summary judgment shall be granted "if appropriate." FED. R. CIV. P. 56(e)(2). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

The moving party bears the initial burden of informing the Court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* Unless the moving party meets this burden, the court may not grant the unopposed motion, regardless of whether any response was filed. *Hetzel v. Bethlehem Steel Corp.*,

50 F.3d 360, 362 (5th Cir. 1995). Under the Court's local rules, however, a claimant's failure to file an opposition and statement of contested material facts requires the Court to deem the moving party's statement of uncontested material facts admitted for purposes of the summary judgment motion. Local Rule 56.2.

When the moving party also bears the burden of persuasion at trial, it must satisfy that burden as well as demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331-32 (1986) (Brennan, J., dissenting) (Although Brennan dissents, he agrees with the majority's analysis of Federal Rule of Civil Procedure 56, and simply expands on its explanation). The showing may consist of pleadings filed by the opponent and affidavits made on personal knowledge and setting forth facts admissible in evidence. *Id.* at 328 (White, J., concurring).

### B.     Analysis

The Credit and Sales Agreement [*See* Doc. No. 1, Exhibit A, ¶17] and the Guaranty Agreement [*See* Doc. No. 1, Exhibit E] contain choice of law clauses stating that Tennessee law governs the agreements,[1] so Tennessee law controls the Court's interpretation of them.[2]

Under Tennessee law, "[t]he interpretation of a contract is a matter of law." *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999). Consequently, "[q]uestions of contract interpretation . . . are especially well-suited for resolution by summary judgment." *Ross Prods. Div. Abbott Labs. v. Tennessee*, No. M2006-01113-COA-R3-CV, 2007 Tenn. App. LEXIS 752, at *7 (Tenn. Ct. App.

---

[1] Helena is a Delaware corporation with its principal place of business in Tennessee.

[2] Louisiana law generally allows choice of law provisions. LA. CIV. CODE ANN. art 3540 ("issues of conventional obligations are governed by the law expressly chosen or clearly relied upon by the parties, except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable under Article 3537."). Neither party contests the application of Tennessee law.

3

Dec. 5, 2007). "If the language [of a contract] is clear and unambiguous, the literal meaning controls the outcome of the dispute." *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 611 (Tenn. 2006). In Tennessee, a guaranty on a commercial contract is a special type of contract. *Squibb v. Smith*, 948 S.W.2d 752, 755 (Tenn. Ct. App. 1997). A "guarantor in a commercial transaction shall be held to the full extent of his engagements," and "the words of the guaranty are to be taken as strongly against the guarantor as the sense will admit." *Farmers-Peoples Bank v. Clemmer*, 519 S.W.2d 801, 804-05 (Tenn. 1975); *accord Mathis v. U.S.I. Properties, Inc.*, 894 S.W.2d 278, 280 (Tenn. Ct. App. 1994).

The Promissory Note states that it is governed by Louisiana law [*See* Doc. No. 1, Exhibit D]. A promissory note is interpreted as a contract in Louisiana. *Crown Mortg. Corp. v. Tarantino*, 606 So.2d 29, 30 (La. Ct. App. 1992). Interpretation of a contract is a matter of law in Louisiana, as well. LA. CIV. CODE ANN. art. 2045; *Kappa Loyal, L.L.C. v. Plaisance Dragline & Dredging Co.*, 848 So. 2d 765, 769 (La. Ct. App. 2003). Where "the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." LA. CIV. CODE ANN. art. 2046; *Mabey v. Dixie Elec. Membership. Corp.*, No. 06-30774, 2007 U.S. App. LEXIS 18787, at *15 (5th Cir. Aug. 7, 2007). In such cases, summary judgment is appropriate. *Id.*

In this case, Defendants do not dispute the existence or terms of the Credit Sales and Services Agreement, the Promissory Note, or the Guaranty Agreement. Defendants also do not dispute that they owe Helena the sums alleged [Doc. No. 6, ¶5]. In their Answer [Doc. No. 6], they deny the facts alleged in paragraphs 9, 10, and 13 of Helena's Complaint [Doc. No. 1] for evidentiary reasons, in effect alleging that Helena has not met its burden of persuasion on the existence and/or breach of the terms of the Credit Sales and Services Agreement and the Promissory Note.

Paragraph 9 of the Complaint [Doc. No. 1] states that Helena is entitled to the payment of

4

all costs of collection, including reasonable attorney's fees from Pro-Agr under the Credit Sales and Services Agreement. Paragraph 10 of the Complaint [Doc. No. 1] alleges the execution of the Promissory Note by Pro-Agr for the principal sum of $1,000,000.00 with a fixed interest rate of 6.0%. In their Answer, Defendants deny these allegations, citing the "best evidence rule." [Doc. No. 6, ¶¶ 9, 10]. Under the "best evidence rule," Federal Rule of Evidence 1002, "[t]o prove the content of a writing, . . . the original writing . . . is required, except as otherwise provided in these rules or by Act of Congress." The Federal Rules of Evidence allow duplicates in lieu of originals unless there is a question of authenticity or an issue of fairness.[3] FED. R. EVID. 1003. Defendants have not questioned the authenticity of the original Credit Sales and Services Agreement or the Promissory Note, nor have they offered the Court any reason it would be unfair to admit the duplicates in lieu of the originals. The duplicates therefore are admissible to prove the contents of the Credit Sales and Services Agreement and the Promissory Note, and they verify Helena's allegations in Paragraphs 9 and 10 of the Complaint [Doc. No. 1, ¶¶ 9, 10].

Finally, Defendants deny the allegations in Paragraph 13 of the Complaint [Doc. No. 1], which sets forth the balance due and interest rate under the Promissory Note, "as no information is contained in the documents attached to the petition to indicate that the balance sued upon is the correct balance owed . . . ." [Doc. No. 6, ¶13]. In its Motion for Summary Judgment, Helena attached an affidavit signed by Michael Willis ("Willis"), the Credit Manager of Helena [Doc. No. 9, Attachment 3]. Willis avers that the amount owed on the Promissory Note is $637,570.37 plus interest at a rate of 6.0% per annum, as alleged in Paragraph 13 of the Complaint [Doc. No. 1]. This

---

[3]Rule 1003 provides, "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." FED. R. EVID. 1003.

affidavit is based on personal knowledge, and his testimony as to these facts would be admissible at trial. Helena, therefore, has met its burden of persuasion on this issue.

Because Defendants did not respond to Helena's Motion for Summary Judgment [Doc. No. 9], the Court must deem Helena's statement of uncontested material facts admitted for the purposes of this motion. Local Rule 56.2. Defendants have offered no evidence of any kind in this case, and do not offer facts disputing the existence of the facts alleged in Helena's Complaint. Defendants denied allegations of the Complaint in their Answer based on legal issues of proof and evidence, which the Court has resolved in Helena's favor. Accordingly, the Court finds that there is no genuine dispute of material fact, and Helena is entitled to judgment as a matter of law.

## III. CONCLUSION

For the foregoing reasons, Helena's Motion for Summary Judgment [Doc. No. 9] is GRANTED, and Helena is entitled to judgment against Pro-Agr and Walker for the sum of $50,049.50, together with 1.5% monthly finance charges of $689.08 per month from March 25, 2009, until paid and the sum of $637,570.37 with interest thereon at 6.0% per annum with a daily interest accrual of $103.563289 from April 8, 2009, until paid. In accordance with the Credit Sales and Services Agreement, Helena is awarded reasonable attorney's fees and costs, to be determined as directed by the Court. Within 15 days, Helena shall submit a memorandum establishing by affidavit or other appropriate documentation the amount of attorney's fees and costs incurred.

MONROE, LOUISIANA, this 21 day of September, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

6