IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **HELENA CHEMICAL COMPANY** | * | **CIVIL ACTION NO. 3:09-CV-757** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **PRO-AGR, INC. and**<br>**JERRY WALKER** | * | **MAGISTRATE JUDGE**<br>**KAREN L. HAYES** |

**ORDER**

Before the court is plaintiff's motion to compel answers to interrogatories. Doc. # 20. For reasons set forth below, the motion is GRANTED.[1]

On September 21, 2009, this court rendered a money judgment of approximately $700,000 in favor of plaintiff, Helena Chemical Company, and against defendants Pro-Agr, Inc. and Jerry Walker. On January 6, 2010, plaintiff propounded interrogatories regarding payment of the judgment to the defendants. On February 15, 2010, defendants paid plaintiff the sum of $100,000, and offered to pay the balance in $50,000 monthly installments. Plaintiff accepted the $100,000 payment and counteroffered for defendants to pay the balance in $100,000 monthly installments. At this time, plaintiff again requested defendants to answer the interrogatories.

On March 17, 2010, plaintiff filed the instant motion to compel answers to interrogatories. Doc. # 20. On March 26, 2010, defendants asked plaintiff to reconsider defendants' offer to pay the balance of the judgment in $50,000 monthly installments. On March

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

29, 2010, plaintiff renewed its counteroffer for defendants to pay the balance in $100,000 monthly installments, and once again requested defendants to answer its interrogatories. Finally, on April 13, 2010, defendants filed a memorandum in response to plaintiff's motion that was untimely by five days. Doc. # 22. Defendants stated that their actions represented their intent to pay the judgment in full, and that they did not feel obligated to respond to plaintiff's interrogatories because of their belief that the parties would soon reach an agreement on a payment plan. *Id.* at 2. Accordingly, defendants requested an additional thirty days to answer plaintiff's interrogatories. *Id.* In its reply memorandum filed on April 20, 2010, plaintiff did not challenge defendants' contentions but instead emphasized that it had been waiting for more than three months for defendants to answer the interrogatories. Doc. # 25 at 2.

      The record demonstrates that plaintiff initially requested defendants to answer its interrogatories more than four months ago, and that defendants have not submitted the desired answers despite two more requests from plaintiff in the meantime. Accordingly, plaintiff's motion to compel (doc. # 20) is GRANTED, and defendants are ordered to answer plaintiff's interrogatories within fifteen (15) days. However, plaintiff's request for attorney's fees is DENIED, in light of defendants' reasonable belief that the parties would reach an agreement on a payment plan prior to plaintiff's filing of the instant motion. *See* FED. R. CIV. P. 37(a)(5)(iii).

      IT IS SO ORDERED.

      THUS DONE AND SIGNED this 7th day of May, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE