IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **HELENA CHEMICAL COMPANY** | * | **CIVIL ACTION NO. 3:09-CV-757** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **PRO-AGR, INC. and<br>JERRY WALKER** | * | **MAGISTRATE JUDGE<br>KAREN L. HAYES** |

**ORDER**

Before the court are two motions filed by plaintiff, Helena Chemical Company ("Helena"") - a motion to compel answers to interrogatories, and a motion for attorney's fees. Doc. # 27. For reasons set forth below, the motion to compel is **DENIED as moot**, but the motion for attorney's fees is **GRANTED**.

On September 21, 2009, this court rendered a money judgment of approximately $700,000 in favor of Helena and against defendants Pro-Agr, Inc. ("Pro-Agr") and Jerry Walker ("Walker"). Doc. # 12.

On January 6, 2010, Helena propounded several interrogatories regarding payment of the judgment to defendants. On March 17, 2010, Helena moved to compel answers to these interrogatories. Doc. # 20. On May 7, 2010, the court granted that motion, and ordered defendants to answer Helena's interrogatories within fifteen days. Doc. # 26. On June 8, 2010 - over thirty days after the deadline set by the May 7 order, and after the present motion was filed - defendants finally answered Helena's interrogatories.

In the instant motion, Helena challenged defendants' refusal to answer some of its interrogatories on the basis of relevancy. Helena specifically challenged Walker's refusal to

answer interrogatories which requested an itemization of (1) his immovable property in Franklin Parish; (2) his significant personal property; and (3) any transfers of immovable or personal property he has recently completed. As to Pro-Agr, Helena challenged its refusal to answer an interrogatory which also requested it to itemize any transfers of immovable or personal property that it has recently completed.

On July 15, 2010, defendants filed supplemental responses to the challenged interrogatories. Doc. # 29. Walker responded "None" to the three interrogatories which he had previously refused to answer. *Id.* at 1. Pro-Agr filed the following supplemental response regarding its recent transfers of property: "Pro-Ag, Inc., owns no immovable property and transferred no immovable property within the last three years. Pro-Ag, Inc. has sold movable property which consist of chemicals in the ordinary course and operation of its business. No movable property has been sold outside the ordinary course and operation of its business." *Id.* at 4.

Helena did not file a reply to defendants' supplemental responses, and there is no evidence to show that the defendant's belated responses are incomplete or untruthful. Accordingly, defendants' supplemental responses are deemed to be sufficient answers to the interrogatories in question, and Helena's motion to compel is **DENIED as moot**.

However, the undersigned finds that defendants were unreasonable in objecting on the basis of relevancy to the interrogatories in question. An itemization of the defendants' personal and real property, as well as any transfers of property that they recently completed, are clearly relevant to the instant matter in that they will allow Helena to determine how it will satisfy its judgment against the defendants. There was no good faith basis for the defendants' relevance

objection, and the objection unnecessarily required Helena to file the instant motion to compel. In addition, this court had already granted Helena's prior motion to compel, and had ordered the defendants to fully respond to Helena's discovery requests. For these reasons, Helena's motion for attorney's fees associated the motion to compel is **GRANTED, and IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendants pay attorney's fees in the amount of **$300 each** to Helena Chemical Company**, with proof of payment filed in the record of these proceedings within 15 days of the date of this order.**

      THUS DONE AND SIGNED, this 3rd day of August, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE